**Noah Bishop, Oregon Bar No. 092871**
Special Counsel to Plaintiff
Law Offices of Alexzander C. J. Adams, P. C.
14705 SW Millikan Way
Beaverton OR 97006
noah@acjalaw.com
Fax:   (888) 588-5410
Office: (503) 278-5400

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: <br><br> Jil Katherine Gyuro <br><br> Debtor(s) <br><br> Jil Katherine Gyuro <br><br> Plaintiff, <br><br> v. <br><br> Niizhwaaswi, LLC dba Loan at Last <br><br> Defendant | Case No.: <u>20-30694-dwh7</u> <br><br><br><br><br><br><br><br> **Adv. Proc No:** <br><br> **COMPLAINT** <br> **11 U.S.C. § 362** |

1.

**LBR 7007-1 CERTIFICATION**

Prior to filing this complaint, Niizhwaaswi, LLC dba Loan at Last (Defendant) was notified about Jil Katherine Gyuro's (Plaintiff) bankruptcy once by the Bankruptcy Court and twice again by Plaintiff's bankruptcy attorney. Despite these warnings, Defendant has continued to attempt to

Page 1 of 7 – COMPLAINT FOR VIOLATION OF 11 U.S.C. §§ 105 AND 362 IN BK. CASE NO. 20-30694-DWH7

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax:   888-588-5410
Office: 503-278-5400

Case 20-03057-dwh    Doc 1    Filed 05/26/20

collect its debt from Plaintiff. Defendant's continued attempts to collect pre-petition debt from Plaintiff despite the warnings of the Bankruptcy Court, and Plaintiff's Bankruptcy attorney, have left Plaintiff believing that her only option to save her bankruptcy is filing this complaint.

2.

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1334 because the automatic stay arises under Title 11.

3.

Plaintiff filed chapter 7 bankruptcy case no. 20-30694-dwh7 in the District of Oregon on February 26, 2020. **See Doc. 1[1].**

4.

Defendant is a Foreign Business Corporation doing business in Oregon.

5.

Venue is proper because Defendant attempted to collect its debt from Plaintiff in Oregon while Plaintiff is under the protection of the Oregon Bankruptcy Court's automatic stay.

6.

## NATURE OF CLAIM

Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. § 157(b)(2) (See *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000); *In re Goodman*, 991 F.2d 613, 617 (9th Cir. 1993)) and Plaintiff consents to entry of final orders and judgments by the Oregon Bankruptcy Court.

7.

## FACTUAL ALLEGATIONS

This complaint's allegations are based on Plaintiff's personal knowledge as to Defendant's conduct and made on information and belief as to the acts of others.

---

[1] All references to "Doc." are to the docket in District of Oregon bankruptcy case number 20-30694-dwh7.

Page 2 of 7 – COMPLAINT FOR VIOLATION OF 11 U.S.C. §§ 105 AND 362 IN BK. CASE NO. 20-30694-DWH7

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax:    888-588-5410
Office: 503-278-5400

Case 20-03057-dwh    Doc 1    Filed 05/26/20

8.

Defendant is owed a debt by Plaintiff which was incurred prior to Plaintiff's Bankruptcy filing date. Defendant has not claimed that this debt is non-dischargeable.

9.

On February 26, 2020, Plaintiff sought bankruptcy protection under Chapter 7 of Title 11 U.S.C. **See Doc. 1**. Defendant was notified of Plaintiff's bankruptcy filing by the Bankruptcy Noticing Center via EDI at bankruptcy@ldf-holdings.com on February, 28 2020 at 03:15 AM. **See Doc. 7.** This is the method chosen by Defendant to receive Bankruptcy Notices and it insures fast secure delivery, therefore Notice was proper.

10.

On March 16, 2020 Plaintiff received an email from Defendant demanding post-petition payment for a debt incurred pre-petition. Plaintiff was told that she owed a debt of $1,523.80. It is labeled a communication from a debt collector. Plaintiff was scared that she still had to pay this debt despite her bankruptcy and reached out to her bankruptcy attorney.

11.

On March 17, 2020 Plaintiff's attorney mailed a warning letter to Defendant reminding it of Plaintiff's bankruptcy, cautioning it to cease communication with Plaintiff, and included a copy of Plaintiff's bankruptcy notice which contained information regarding the automatic stay. This letter was mailed to The Niizhwaasswi, LLC dba Loan at Last, PO Box 1193, Lac Du Flambeau, WI 54538-1193.

12.

Defendant was notified of Plaintiff's adjourned 341A hearing by the Bankruptcy Noticing Center via EDI at bankruptcy@ldf-holdings.com on March, 24 2020 at 03:35 AM. See Doc. 12. This is the method chosen by Defendant to receive Bankruptcy Notices and it insures fast secure delivery, therefore Notice was proper.

13.

On April 14, 2020 Plaintiff received another email from Defendant informing her that her account was now delinquent. Defendant demanded that plaintiff make a payment now on her pre-petition

Page 3 of 7 – COMPLAINT FOR VIOLATION OF 11 U.S.C. §§ 105 AND 362 IN BK. CASE NO. 20-30694-DWH7

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax:    888-588-5410
Office: 503-278-5400

Case 20-03057-dwh    Doc 1    Filed 05/26/20

debt of $1,523.80. Defendant identified itself as a debt collector. Plaintiff was alarmed that the first letter had not worked and reached out again to her bankruptcy attorney.

14.

On April 14, 2020 Plaintiff's attorney mailed a second warning letter to Defendant reminding it of Plaintiff's bankruptcy, cautioning it to cease communication with Plaintiff, and included a copy of Plaintiff's bankruptcy notice which contained information regarding the automatic stay. This letter was mailed to The Niizhwaasswi, LLC dba Loan at Last, PO Box 1193, Lac Du Flambeau, WI 54538-1193.

15.

On May 14, 2020 Plaintiff received an email from Defendant demanding post-petition payment for a debt incurred pre-petition. Plaintiff was told that she owed a debt of $1,523.80. It is labeled a communication from a debt collector. It became clear to Plaintiff that Defendant wouldn't stop attempting to collect from her regardless of how many warnings her attorney, or the Bankruptcy Court, provided. In desperation she again reached out to her bankruptcy attorney to find out if anything-else could be done.

16.

Defendant disregarded warnings to stop collecting this prepetition debt first from Bankruptcy Court and then from Debtor's bankruptcy attorney. Plaintiff does not believe that this harassment is going to stop. The situation is costing her time and money to address, creating actual damages, as well as causing physical and emotional stress to Plaintiff during a very vulnerable time. Defendant's behavior is wanton and cruel resulting in direct and identifiable harm to Plaintiff.

17.

LEGAL POINTS AND AUTHORITIES

**Legal Standard for Contempt**:

To obtain an order of contempt for violation of an order for relief, a debtor must prove that a party had knowledge of the order and intended the conduct that violated the order. See, e.g., *ZiLOG, Inc. v. Corning*, 450 F.3d 996, 1007 (9th Cir. 2006). To recover sanctions against a creditor for contempt, a debtor must establish the violation with clear and convincing evidence. *Renwick v. Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002).

Page 4 of 7 – COMPLAINT FOR VIOLATION OF 11 U.S.C. §§ 105 AND 362 IN BK. CASE NO. 20-30694-DWH7

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax:　888-588-5410
Office: 503-278-5400

Case 20-03057-dwh    Doc 1    Filed 05/26/20

18.

## CAUSE OF ACTION
### 11 U.S.C. §§§ 105, 362(a), and 362(k)

Plaintiff incorporates the allegations above by reference.

19.

11 U.S.C. § 362(a) imposed an affirmative duty on Defendant to promptly terminate its collection efforts against Plaintiff upon learning that he filed bankruptcy. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002). "Section 362(k) permits the recovery of damages resulting from a stay violation." This subsection, however, applies only to individuals, which, as relevant here, excludes corporations. See *Johnston Envtl. Corp. v. Knight (In re Goodman),* 991 F.2d 613, 619 (9th Cir.1993) (discussing former § 362(h)). Nonetheless, a corporation may be entitled to recovery for a stay violation under § 105(a) as a sanction for civil contempt. See *id.* at 620; *In re Dyer,* 322 F.3d 1178, 1191 (9th Cir. 2003) (for civil contempt purposes, the automatic stay under § 362 "qualifies as a specific and definite court order.")  See *Rediger Inv. Corp. v. H Granados Commc'ns, Inc.* (*In re H Granados Commc'ns, Inc.*), 503 B.R. 726 (B.A.P. 9th Cir. 2013).

"To find a party in civil contempt for a stay violation, the threshold inquiry turns on a finding of 'willfulness.'" *Id.* at 1191. The bankruptcy court must find that: (1) the party knew of the automatic stay; and (2) the party's actions that violated the stay were intentional. *Id.* Thus, it is irrelevant whether the party exhibited bad faith or had a subjective intent to violate the stay. *Id.* The movant bears the burden of showing by clear and convincing evidence that the party violated the stay. See *id.*

20.

Defendant received two notices from the Bankruptcy Court, and two more from Plaintiff's attorney, that Plaintiff is in an active Chapter 7 bankruptcy.  The first notice from the Bankruptcy court explained the imposition of the Automatic stay and the method by which Defendant could make a claim, if appropriate, for its prepetition debt.  Each letter from the Bankruptcy Attorney contained a copy of that notice which made it clear that Plaintiff was still under the protection of the automatic stay and to cease collection.  Notice was sent twice electronically in the manner chosen by Defendant to receive notice and twice to an address specifically dedicated by Defendant to receiving correspondences.  Defendant is a sophisticated creditor familiar with the rules of

Page 5 of 7 – COMPLAINT FOR VIOLATION OF 11 U.S.C. §§ 105 AND 362 IN BK. CASE NO. 20-30694-DWH7

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax:    888-588-5410
Office: 503-278-5400

Case 20-03057-dwh    Doc 1    Filed 05/26/20

Bankruptcy. Defendant had knowledge of the Plaintiff's bankruptcy, the attendant automatic stay, and its obligations therein.

Despite being aware of Plaintiff's bankruptcy, Defendant has attempted to collect prepetition debt from Plaintiff multiple times since the bankruptcy was filed. Defendant's violation of 11 U.S.C. § 362(a) as alleged above was "willful" as that term is defined in the Ninth Circuit because its acts were intentional, it had prior actual knowledge of the automatic stay, its conduct was unreasonable, and any alleged mistake of law was not a defense.

21.

Under 11 U.S.C. § 362(k), Plaintiff is entitled to compensation for actual damages, proportional punitive damages, and reasonable fees and costs from Defendant in amounts to be decided by the Court. "§ 362(k) is best read as authorizing an award of attorney's fees incurred in prosecuting an action for damages under the statute…an award of fees reasonably incurred is mandated by the statute." See *Servicing Co. v. Schwartz-Tallard* (*In re Schwartz-Tallard*), 803 F.3d 1101 (9th Cir. 2015).

22.
**PRAYER FOR RELIEF**

After a stipulation or determination that Defendant willfully violated the automatic stay, Plaintiff seeks relief as follows:

A. Money Judgment in favor of Plaintiff against Niizhwaaswi, LLC dba Loan at Last for actual damages, sanctions, and punitive damages, and in favor of The Law office of Alexzander C. J. Adams, P.C. against Niizhwaaswi, LLC dba Loan at Last for reasonable fees and costs incurred prosecuting this adversary proceeding.

B. Plaintiff also seeks any equitable relief this Court may determine is fair. Plaintiff may amend her complaint to include additional claims as new information is learned through discovery.

Page 6 of 7 – COMPLAINT FOR VIOLATION OF 11 U.S.C. §§ 105 AND 362 IN BK. CASE NO. 20-30694-DWH7

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: 888-588-5410
Office: 503-278-5400

Case 20-03057-dwh    Doc 1    Filed 05/26/20

Plaintiff reserves the right to bring non-bankruptcy claims related to the behavior of Niizhwaaswi, LLC dba Loan at Last in separate non-bankruptcy legal actions.

**March 26th, 2020**
**Law Offices of Alexzander C. J. Adams, P.C.**

By: */s/ Noah Bishop on behalf of Alexzander C. J. Adams,*

Noah Bishop OSB No. 092871
Noah@ACJALaw.com
(503) 278-5400
Special Counsel for Plaintiff

Page 7 of 7 – Complaint for violation of 11 U.S.C. §§ 105 and 362 in Bk. Case No. 20-30694-dwh7

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: 888-588-5410
Office: 503-278-5400

Case 20-03057-dwh    Doc 1    Filed 05/26/20